**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTRAL MONTANA RAIL, a Montana Corporation, individually, and as full assignee of the State of Montana, of all jurisdictional and substantive legal rights the State of Montana possesses against BNSF Railway Company in this case,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>BNSF RAILWAY COMPANY, BNSF Railway Company formerly known as The Burlington Northern and Santa Fe Railway Company, a Delaware Corporation,<br><br>   Defendant - Appellee. | No. 10-35439<br><br>D.C. No. 4:05-cv-00116-RKS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Keith Strong, Magistrate Judge, Presiding

Argued and Submitted March 11, 2011
Seattle, Washington

Before: FISHER, GOULD, and TALLMAN, Circuit Judges.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Central Montana Rail, Inc. ("CMR"), individually and as former assignee of the State of Montana, appeals the district court's confirmation of an arbitration award, denial of CMR's motion to dismiss without prejudice, and award of summary judgment in favor of BNSF Railway Company ("BNSF"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

1.      The Federal Arbitration Act ("FAA") provides that "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed'" by the FAA. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9). Vacatur is available "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Here, the conditions for vacatur are not met, and the district court properly confirmed the award. The arbitrators did not act outside of their scope of authority, as the award was limited to answering the questions submitted for arbitration. *See Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 830 (9th Cir. 1995) (stating that an award may be overturned "[w]hen arbitrators rule on a matter not submitted to them"). CMR has not contested the propriety of having

---

[1] Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

those questions submitted before the arbitrators by appealing the district court's order compelling arbitration. Nor is it "clear from the record that the arbitrators recognized the applicable law and then ignored it," as is required to vacate an award for manifest disregard of the law. *Id.* at 832. Given the "limited and highly deferential" review of arbitration awards, *PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) (internal quotation marks omitted), CMR's "mere allegations of error are insufficient" to merit vacating the award, *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (internal quotation marks deleted).

2. When ruling on a motion to dismiss without prejudice brought pursuant to Federal Rule of Civil Procedure 41(a)(2), "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); *see* Fed. R. Civ. P. 41(a)(2). Here, the district court considered permissible factors in assessing prejudice and denying CMR's Rule 41(a)(2) motion. The district court noted that, if it had dismissed the action without prejudice, BNSF could face litigation in state court of a claim that had reached the summary judgment stage in federal court, after almost four years of litigation. CMR has given no explanation for why it delayed so long in requesting voluntary

dismissal. *Cf. Westlands Water Dist.*, 100 F.3d at 97 (finding lack of legal prejudice where plaintiffs filed a motion for voluntary dismissal within a month of failing to obtain a preliminary injunction and before defendants filed motions for summary judgment). BNSF would also be denied a federal forum were the motion granted. *See id.* ("[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum[.]"). The district court's conclusion that the Rule 41(a)(2) motion was motivated by forum shopping has support in the circumstances here. *See Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–90 (9th Cir. 1986) (upholding a finding of forum shopping where plaintiff sought dismissal without prejudice of a claim in order to have it heard before a different court). Because the district court's assessment of legal prejudice and its denial of CMR's Rule 41(a)(2) motion for voluntary dismissal were not based on an erroneous view of the law or a clearly erroneous assessment of the facts, the court did not abuse its discretion. *See Westlands Water Dist.*, 100 F.3d at 96.

3. The district court properly granted summary judgment, which CMR failed to oppose, after concluding that (1) CMR cannot recover damages under the Settlement Agreement because that agreement's express terms forbid third parties from recovering and (2) the State's alleged highway damages are not recoverable

under Montana law governing contractual breach. CMR does not challenge these conclusions or the legal analysis supporting them. Instead, CMR points to a series of purportedly incorrectly determined facts on which it claims the district court based its decision. The district court's award of summary judgment, however, did not turn on any of the purported facts that CMR cites as disputed or erroneously decided. CMR, acting on its own behalf and as assignee of the State of Montana throughout the bulk of the litigation, has not appealed the district court's order compelling arbitration, and CMR does not articulate what other damages would be available beyond those the district court held unavailable as a matter of law. Because there are no genuine issues of material fact precluding judgment as a matter of law, the district court's grant of summary judgment was correct. *See* Fed. R. Civ. P. 56(c).

**AFFIRMED.**